UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


DAVID L. BRUMMITT, No. 451266      )
                                   )
v.                                 )    NO. 2:09-CV-300
                                   )
TOMMY R. KERNS, Circuit Court Clerk )
of Sullivan County, Tennessee      )


## MEMORANDUM and ORDER

Acting *pro se*, David L. Brummitt, an inmate in the custody of the Tennessee Department of Correction in a state prison, brings this civil rights action under 42 U.S.C. § 1983, charging that defendant Tommy R. Kerns, the Circuit Court Clerk of Sullivan County, Tennessee, impinged upon his constitutional rights. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc.1], and he is **ASSESSED** the civil filing fee of $350.00.

I. **Fee-Collection Procedures**

Under 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly

deposits to plaintiff's inmate trust account; <u>or</u>

(b) twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Following this, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the correctional facility wherein plaintiff is housed, to ensure collection of the incremental payments of the filing fee.[1]

II. **Screening the Complaint**

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A;

---

[1] **Send remittances to the following address:**

Clerk, U.S. District Court
220 West Depot Street, Suite 200
Greeneville, TN 37643

*McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If so, this suit must be dismissed.

In his complaint, plaintiff alleges a series of acts or omissions on the part of defendant Kerns which he maintains violate his right to seek legal redress in the courts. More specifically, plaintiff alleges that, to correct an omission by the lawyer who represented him in state criminal proceedings and to preserve an issue for his post-conviction petition, he submitted to defendant Kerns a *pro se* motion for the victim's statements to show that the victim's testimony at plaintiff's arraignment/preliminary hearing was different from his trial testimony. A copy of the motion, showing a filing date of October 27, 2009, was returned to plaintiff, giving him the impression that the motion had been filed.

Plaintiff then sent a letter to defendant Kerns on November 9, 2009, to verify that the motion had been filled. A copy of that letter, stamped "filed 2009 Nov. 17 @ 11:00" was returned to him two days later. On December 4, 2009, plaintiff received a second copy of the letter, attached to which was a post-it note, dated December 2, 2009, which read: "I spoke with your Atty. Gene Scott and he assured me he would check into this matter." Plaintiff has heard nothing from Mr. Scott concerning the motion until the date of the filing of this federal case.

Plaintiff argues that, since the motion was filed *pro se* and since it had

nothing to do with the direct appeal being prepared on plaintiff's behalf by Attorney Scott, he has been denied his most fundamental political right, preservative of all rights—the right to access the courts. For this claimed constitutional violation, plaintiff seeks declaratory and monetary relief.

**III. Law & Analysis**

It is true that a prisoner has a First Amendment right "to petition the Government for redress of grievances," and this includes a right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). However, a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitt*, 702 F.2d 639, 640 (6th Cir. 1983). Plaintiff is represented by counsel and, thus, his constitutional right of access to the courts has not been denied.

Furthermore, judges have absolute immunity from liability from damages for actions taken within the scope of the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978). Those who act as the judge's designee in performing a function for which the judge would be immune, have quasi-judicial immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons

are considered an arm of the judicial officer who is immune."); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (extending doctrine to court clerk).

The allegations in the complaint against Circuit Court Clerk Kerns are that he "misdirected a motion and affidavit that was filed with the courts of the United States of America" and "[t]herby prevent[ed plaintiff] the opportunity to obtain legal documentation that [he] was guaranteed (sic) by the rules of the courts." [Compl. at 3c]. Also, defendant Kerns purportedly "abused his position as the Circuit Clerk, and violated [plaintiff's] right to fair and impartial procedures." [*Id.*].

Undoubtedly, the purported actions of this defendant (duties associated with filing motions and other legal documents) concern the performance of tasks integral to the judicial process and there is no allegation that the conduct occurred outside the judicial process. Thus, defendant Kerns is immune from this civil action for monetary damages. *Johnson v. Turner,* 125 F.3d 324, 332 (6th Cir. 1997); *McCan v. Winter*, 745 F.2d 533 (8th Cir. 1984) (court clerk follows judge's order in selecting juror and has absolute immunity).

**IV. Conclusion**

For the aforementioned reasons, plaintiff's allegations do not state a claim which would entitle him to relief under § 1983 and defendant enjoys quasi-judicial immunity from this lawsuit for damages. 28 U.S.C. § 1915(e)(2); § 1915A. This action

will be dismissed accordingly.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE